**So Ordered.**

**Dated: September 11th, 2024**

_Frederick P. Corbit_
**Frederick P. Corbit**
**Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

    Katherine and Bryan Bass,

    Debtors.

Case No. 24-00992-FPC7

ORDER DISAPPROVING REAFFIRMATION AGREEMENT BUT ALLOWING THE DEBTORS TO MAKE PAYMENTS IN ORDER TO RETAIN COLLATERAL

This matter came before the Court on the Motion of Katherine and Bryan Bass (the "Debtors"), seeking approval of the Reaffirmation Agreement with Horizon Credit Union, regarding the 2022 Toyota Sienna (the "Collateral"), filed on Tuesday, August 13, 2024. (ECF No. 15) A hearing, as required under 11 U.S.C. § 524(d), was held on Tuesday, September 10, 2024, during which the Court heard testimony from the Debtors. Based on the record, the Court finds that Debtors have complied with the requirements of 11 U.S.C. §§ 362(h) and 521(a). Because the proposed Reaffirmation Agreement is not in the the Debtors' best interest,

IT IS ORDERED:

1. The Debtors' motion to approve the Reaffirmation Agreement is **DENIED**;

2. 11 U.S.C. § 521(d), which makes "ipso facto default" clauses enforceable, does not apply in this case because the Debtors have complied with the requirements of 11 U.S.C. §§ 362(h), 521(a)(2) and 521(a)(6). Accordingly, Horizon Credit Union cannot use the absence of a reaffirmation agreement or the Debtors' bankruptcy as a basis to repossess the Collateral;

3. Because the Debtors have complied with the requirements of §§ 362(h), 521(a)(2), and 521(b)(6), they may retain the Collateral so long as they

continue to make timely voluntary payments and satisfy their other obligations, as provided for in Horizon Credit Union loan documents;

4. Horizon Credit Union may continue sending bills, payment coupons, and statements to the Debtors and continue to accept payments until either: (1) Horizon Credit Union is notified by the Debtors to cease sending such bills, payment coupons, and statements or taking funds from the Debtors' bank accounts; (2) any creditor secured by the Collateral repossesses it and disposes of it pursuant to applicable non-bankruptcy law; or (3) the secured obligation is paid in full;

5. Acceptance of voluntary payments from the Debtors, pursuant to the terms of this order, is not a violation of 11 U.S.C. § 524(a)(2);

6. In the event that the Debtors retains the Collateral pursuant to paragraph 3 and thereafter defaults in their obligations as set forth in the loan documents, Horizon Credit Union may collect its debt by enforcing its rights against the Collateral pursuant to applicable non-bankruptcy law;

7. Such collection may include written, electronic, and/or telephonic communication to notify the Debtors of any default and Horizon Credit Union's intention to repossess or foreclose on the Collateral unless the default is cured;

8. Because the reaffirmation is denied, and unless this case is dismissed without the Debtors obtaining a discharge, Ford Motor Credit Company, LLC may not take, or threaten to take, any action to collect its debt as a personal liability of the Debtors. However, compliance with the terms of this order will not be construed as an attempt to collect or recover any pre-bankruptcy debt as a personal liability of the Debtors.

///END OF ORDER///